**DEALERS LUMBER & COAL COMPANY, Plaintiff-Appellee, v. PETER A. MARCHI, INC., Defendant-Appellant, YAHR et, Defendants-Appellees, CARBEL COMPANY, INC. et, Defendants below.**

Ohio Appeals, Tenth District, Franklin County.

No. 6202. Decided January 12, 1960.

Lucas, Lucas, Prendergast & Albright, Robert E. Albright, Columbus, for plaintiff-appellee.

Willis H. Liggett, Columbus, for Peter A. Marchi, Inc., defendant-appellant.

C. C. Crabee, Garek & Sillman, Columbus, for defendants-appellees.

## OPINION

Per CURIAM.

This action originated in the Court of Common Pleas of Franklin County, Ohio, and was one to marshal mechanics' liens. While many parties were involved in the action in the Court of Common Pleas, the appeal is by the defendant-appellant, Peter A. Marchi, Inc., who was a subcontractor employed by the prime contractor to furnish labor and materials consisting of the cement work in the basement of the residence which was being constructed for the defendants-appellees, Morris S. Yahr and Ida Yahr by Carbel Company, Inc., the prime contractor.

The defendant-appellant has assigned the following as errors for the consideration of this court:

1. The Common Pleas Court erred in dismissing the cross-petition of Peter A. Marchi, Inc. against Morris S. Yahr and Ida Yahr.

2. The Common Pleas Court erred in holding that the lien of Peter A. Marchi, Inc. recorded in Lien Record Volume 39, page 533, was void.

3. The Common Pleas Court erred in overruling a motion for new trial filed on behalf of Peter A. Marchi, Inc.

4. The Common Pleas Court erred in entering up judgment in favor of Morris S. Yahr and Ida Yahr on the cross-petition of Peter A. Marchi, Inc.

5. Other errors apparent in the record of said case.

The deciding question in the case appears to be whether the statement which was not sworn to but which was presented by the defendant-appellant to the prime contractor satisfied the requirements of §1311.04 R. C. The Court of Common Pleas held that a sworn statement was required under the provisions of §1311.04 R. C., and since it was admitted by the defendant-appellant that no sworn statement was given, judgment was rendered for the defendants-appellees.

The courts have held that where certain statements are required to be furnished compliance therewith is a condition precedent to the perfection of the lien and unless complied with the contractor has no right of action or lien against the owner, part-owner or lessee. There is no doubt from the record that the only statement presented to the prime contractor by the defendant-appellant was an unsworn statement and since the facts were in dispute as to the availability of the prime contractor we cannot say that the trial court was wrong as a matter of law. There was not a compliance with the provisions of the statute. See The Mahoning Park Co. v. The Warren Home Development Co., 109 Oh St 358, which has been cited with approval in the following cases: C. C. Constance & Sons v. Lay et al, 122 Oh St 468, The Robert V. Clapp Co. et al v. Fox et al, d. b. a. Fox, Duthie & Foose, a partnership, 124 Oh St 331 and Crandall, d. b. a. H. I. Crandall & Sons, v. Irwin et al.; The Peoples Building & Loan Co. of Ashtabula, 139 Oh St 253. See also 108 Oh Ap 82 and cases cited therein.

The judgment of the Court of Common Pleas will be affirmed.

BRYANT, PJ, DUFFY, J, concur.
MILLER, J, not participating.