BEREA BLOCK & SUPPLY COMPANY, PLAINTIFF-APPELLEE, *v.* BRIDGES ET, DEFENDANTS-APPELLANTS, MOORMAN, THE BAGLEY ROAD LUMBER COMPANY, DEFENDANTS-APPELLEES.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25727. Decided December 21, 1961.

*Mr. Robert J. Moorman* and *Mr. John H. Bever,* for plaintiff-appellee and defendant-appellee.

*Mr. Lex Kintner,* for defendants-appellants.

*Mr. Marston G. Bergman,* for defendant-appellee, The Bagley Road Lumber Co.

(BROWN, J., of the Seventh District, sitting by designation in place of HURD, J.)

BROWN, J. The defendants-appellants, Bridges and wife, contracted in writing with one Leonard J. Maher, Jr., a general contractor, to construct them a dwelling house, furnishing all the necessary labor and materials. Sometime prior to the completion of this project the general contractor became insolvent, was adjudicated a bankrupt, and discontinued work upon the residence. Defendant-Appellee, The Bagley Road Lumber Company, the plaintiff-appellee, Berea Block & Supply Company, and the defendant-appellee, Robert J. Moorman, claimed mechanics' liens on the subject premises and joined in praying for foreclosure.

The defendants-appellants, Bridges and wife, the owners of the unfinished house, argue that the claimed liens are invalid because the general contractor failed to file the certificate required by Section 1311.04, Revised Code. They admit that these liens filed by the subcontractors and materialmen have in all other respects complied with lien laws.

The case is appealed on questions of law and fact. Plaintiff's counsel first proceeded and stated the foregoing facts. The court requested counsel to state whether there was a stipu-

lation as to the evidence which would be relied upon. Counsel for each of the parties thereupon agreed and it was stipulated that the court should consider the transcript of the proceedings below and certain additional testimony which the court of appeals had authorized to be taken at the written request of counsel for appellant before a master commissioner appointed for that purpose. The purpose given for the additional evidence in the application was "the bill of exceptions (sic) is not clear on the evidence of the service of certificate upon the contractor and upon the owners of their agent as required by Section 1311.04, Revised Code." Additional evidence was authorized for that purpose. The court directed the manner in which such evidence should be taken, and a transcript of that evidence is before us.

We note that much of the evidence there included was not relevant to the purpose for which requested or authorized, and to the extent that it was not relevant to that purpose we have disregarded it.

We note that there are no actually disputed questions of fact, nor were there in the court below.

At pages 15 and 16 of the transcript, counsel for the defendant-appellant stipulated that except for the failure of the general contractor to file the certificate required by Section 1311.04, Revised Code, that the liens of the claimants, Berea Block & Supply Company and Robert J. Moorman, were regular and valid.

At pg. 33 of the transcript defendants-appellants' counsel concedes the same to be true as to the lien of defendant-appellee, Bagley Road Lumber Company.

Also at pg. 33 of the transcript the trial court stated: "The only thing that is in issue is the failure of the general contractor to file the affidavit and certificate (required by Section 1311.04, Revised Code), with the owners or escrow agent, and its legal effect upon the liens of the subcontractors."

The purposes of Section 1311.04, Revised Code, are:

1. To protect the owner of premises from liens which exceed in amount his contract price.

2. To prevent dealings between the principal contractor

and the owner which prejudice the rights of subcontractors, laborers and materialmen.

The owner who pays out nothing upon the contract except upon receipt of proper affidavits as required by this section cannot be confronted by valid mechanics' liens in excess of the contract price. *McCarthy & Sons, Inc.,* v. *Fleming et al.,* 170 N. E. (2d), 269 (Ohio).

The fact that the general contractor becomes insolvent and discontinues work upon the contract without ever having furnished the affidavits required by Section 1311.04, Revised Code, does not affect the validity of liens properly filed by subcontractors, laborers or materialmen to the extent that they do not exceed the contract price since any payment made to the contractor by the owner theretofore is a depletion of a fund upon which subcontractors, laborers and materialmen have a right to rely. Any payments made by the owner before such statements are made or without retaining sufficient money to pay subcontractors, laborers or materialmen are made in violation of the rights of persons intended to be benefited by Sections 1311.01 to 1311.24, Revised Code. *Quality Heating Supply Co.* v. *Buckeye Loan,* 148 N. E. (2d), 88, 105 Ohio App., 369.

We find no case in which the position proposed by defendants-appellants is maintained; that is, no case in which the failure of the general contractor to furnish affidavit under Section 1311.04, Revised Code, is fatal to the lien of subcontractor, materialman, or laborer, properly filed in a timely manner. For us to make such a holding would defeat one of the two principal purposes of the statute.

Appellant cites as authority for his proposition *Dealers Lumber & Coal Co.* v. *Peter A. Marchi, Inc., et al.,* 84 Ohio Law Abs., 191. The headnote in that case appears to be in point. However, it was prepared by the editorial staff, not by the court, and goes beyond the holding of the court on facts quite different from our case.

We, therefore, find that the liens here challenged are valid mechanics' liens in the following amounts: That the plaintiff, Berea Block & Supply Company has a valid lien on the premises described in plaintiff's petition and belonging to the defendants-appellants, Bridges, and that that claim is in the amount of

40

$1,398.62, together with interest at the rate of 6% from December 30, 1957. That the defendant-appellee, Robert J. Moorman, has a lien on the described premises in the amount of $1,851.38, together with interest at 6% from January 13, 1958. That the defendant-appellee, The Bagley Road Lumber Company, has a valid and existing lien upon the described premises in the sum of $1,663.65, with interest at the rate of 6% per annum from the seventh day of March, 1958.

It is ordered that the defendants-appellants pay the costs herein.

The court finds that the decree and judgment of the court below disposing of this matter is correct in all particulars, and counsel are directed to prepare and submit to the court a suitable journal entry disposing of the issues of law and fact made by the pleadings and evidence as did the court below.

KOVACHY, P. J., and SKEEL, J., concur.